UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MICHAEL MYERS,

                Plaintiff,

  - against -

ANN ANDZEL, ET AL.,

                Defendant.

------------------------------------------X

06 Civ. 14420 (RWS)

MEMORANDUM
OPINION & ORDER

**Sweet, D.J.,**

      Plaintiff Michael Myers ("Plaintiff" or "Myers") by motion filed August 1, 2007 (docket no. 39) has moved the Court to enter an order of contempt against non-party Captain Kerney ("Kerney"), Acting Superintendent of Security for violation of the Consent Decree entered into in <u>Clarkson v. Goord</u>, No. 91 Civ. 1792, on June 6, 1996 (the "Consent Decree").

      Defendant Ann Andzel ("Andzel") has filed opposition to this motion argued that Plaintiff's motion for contempt of the Consent Decree should be denied because Myers failed to follow required procedures prior to the filing of this action. Specifically, paragraph 52 of the Consent Decree or, alternatively, the order entered in <u>Clarkson</u> on October 23, 2003 (the "2003

1

Order"), requires that members of the Clarkson class notify an ombudsperson appointed by DOCS before filing motions for contempt.

Paragraph 52 of the Consent Decree states in relevant part:

> In an effort to avoid motions for contempt and enforcement, defendants DOCS, OMH and Parole shall identify by title an ombudsperson responsible for handling requests for accommodations made by plaintiff class members through class counsel. Such requests shall be acted upon within fifteen days of receipt of a written request by plaintiff's counsel, unless more expeditious relief is required.

Consent Decree ¶ 52.

Paragraph 52 imposes upon DOCS the obligation of appointing and identifying an ombudsperson to receive requests for accommodation as an alternative to the grievance procedure set forth elsewhere in the Consent Decree. See Consent Decree ¶ 9; Clarkson, 2006 U.S. Dist. LEXIS 9676, at *11-*12. By its terms, paragraph 52 does not impose any reciprocal obligation upon class members to provide notice to the ombudsperson before filing a complaint. See Clarkson, 2006 U.S. Dist. LEXIS 9676, at *13 n.1. Such obligation was created by an order in Clarkson dated October 23, 2003 (the "2003 Order"), which required class members "to first submit their complaints for resolution" to the ombudsperson for a

determination whether the complainant was "a member of the class covered by the decree and whether a violation occurred" before filing a motion for contempt or enforcement. 2003 Order ¶ 3; see also Smith v. Masterson, 2006 U.S. Dist. LEXIS 70868 at *23 (S.D.N.Y. Sep. 29, 2006). The 2003 Order was motivated by a concern that prisoners were filing motions for contempt or enforcement of the Consent Decree without first addressing the issue with prison officials. See Smith, 2006 U.S. Dist. LEXIS 70868 at *23.

However, notice of the new requirement was not provided to class members until after this Court's March 6, 2006 opinion in Clarkson, 2006 U.S. Dist. LEXIS 9676. See Smith, 2006 U.S. Dist. LEXIS 70868 at *23.

The instant motion was filed on August 1, 2007, well after the 2003 Order introduced the requirement of notice to the ombudsperson and notice was provided to class members in March 2006. Thus, to move for contempt of the Consent Decree, Myers was first required to raise his specific complaints with the DOCS ombudsperson in an attempt to resolve them without intervention of the Court.

3

Nancy Heywood ("Heywood"), the DOCS ombudsperson appointed to receive the complaints of class members pursuant to the Consent Decree and the 2003 Order, has declared that she received just one request for accommodation by or on behalf of Myers prior to the filing of this motion. Heywood Decl. ¶ 4, attached as Ex. A to Def. Mem. in Opp. The request came in the form of a letter sent on behalf of Myers by the Legal Aid Society, Clarkson class counsel, received by Heywood on July 17, 2007, (the "Ombudsperson Letter"), which is attached to the Heywood Decl. as Exhibit A. The Ombudsperson Letter raises the following issues: (1) that Myers had been allotted only twenty minutes to use the TTY telephone, in contrast to the thirty minutes granted to the hearing inmates, and (2) a dental hygienist was disrespectful to Myers and donned a mask, preventing him from reading her lips.

Heywood replied to the Ombudsperson Letter on August 14, 2007, indicating that: (1) she had investigated the TTY log books, which neither confirmed nor disproved Myers's allegations, and (2) the dental staff will be reminded that in order to communicate effectively with hearing impaired inmates they will have to lower their mask or use written communication. See August 14, 2007 Letter from Heywood to Kate Skolnick, attached to the Heywood Decl.

4

Plaintiff's motion raises a number of issues, almost all of which only the dental hygienist's behavior is mentioned in the Ombudsperson Letter. Heywood promptly investigated the allegation, determined that limited remedial action was warranted, and informed class counsel swiftly of that action.

The Ombudsperson Letter demonstrates that Plaintiff, or at least class counsel acting on Plaintiff's behalf, was aware of the need to contact Heywood in order to settle disputes over accommodations without the intervention of the Court. Any prejudice visited upon Plaintiff by the denial of the instant motion is mitigated by the fact that his action, as distinct from this motion, will remain intact, thus preserving the usefulness of Plaintiff's discovery efforts undertaken to date. Finally, the purpose of the requirement to provide notice to the DOCS ombudsperson is to minimize needless litigation by providing DOCS the opportunity to remedy any alleged wrongs without the complicating and time-consuming involvement of the Court. Here, DOCS was provided no such opportunity.

Accordingly, Plaintiff's motion is dismissed because it is not ripe for review. Plaintiff may file a motion for contempt of the Consent Decree only by following the procedures identified

by the Court the 2003 Order. See Smith, 2006 U.S. Dist. LEXIS 70868 at *23.

It is so ordered.

**New York, NY**
**February /  , 2008**

ROBERT W. SWEET
U.S.D.J.