UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MICHAEL MYERS,

               Plaintiff,         06 Civ. 14420 (RWS)

  -against-                  MEMORANDUM OPINION
                                      AND ORDER

ANN ANDZEL,

               Defendant.

------------------------------------X

**Sweet, D.J.**

        Plaintiff Michael Myers ("Plaintiff" or "Myers"), an unusually prolific pro se plaintiff, has twelve motions pending with this Court, nine of which are resolved by this Opinion: (1) a Motion for an Order for Contempt of Court in the Clarkson v. Goord Consent Orders, filed September 7, 2007 (docket no. 42); (2) a "Motion to Compel Discovery Demands and Sanctions," filed September 14, 2007, (docket no. 48); (3) a Motion for an Injunctive Relief to Force DOCS and this Facility to Comply with Title II of the ADA Laws and Section 504 upon the Plaintiff in this Matter, filed September 24, 2007 (docket no. 63); (4) a Motion to Treat Complaint as a Motion for Contempt of the Clarkson Consent Decree, filed October 15, 2007 (docket no. 65); (5) a Motion to Compel Discovery on Defendant Ann Andzel and Motion for Sanctions for not Following the Court Rules on

1

Discovery Request in this Matter, filed October 17, 2007 (docket no. 66); (6) a Motion to Compel Discovery and Sanctions for not Following Discovery Rules, filed November 8, 2007 (docket no. 70); (7) a Motion to Compel Discovery and for Sanctions against Defendant, filed November 19, 2007 (docket no. 75); (8) a Motion for an Order to Compel Discovery Demands, filed December 20, 2007 (docket no. 77); and (9) a Motion for an Order of Contempt of Court Orders in the Clarkson Consent Decree against Nancy Heywood that is the Clarkson Ombudsman in the Clarkson Consent Decree by the Clarkson Consent Decree to Any Inmate that are a Clarkson Class Member, filed January 24, 2008 (docket no. 80).

**The September 7, 2007 Motion**

The September 7, 2007 Motion seeks dismissal of disciplinary measures against Myers that he alleges were imposed for refusing verbal direct orders from certain corrections officers.

This Court's October 23, 2003 Order requires that all prisoners first submit complaints that the Clarkson Consent Decree has been violated for resolution to an ombudsperson appointed by the State. The ombudsperson is to determine "whether the prisoner is a member of the class covered by the decree and whether a violation occurred." October 23, 2003 Order

2

¶ 3; see also Myers v. Andzel, 06 Civ. 14420 (RWS), 2008 WL 312148, at *1 (S.D.N.Y. Feb. 1, 2008). "The 2003 Order was motivated by a concern that prisoners were filing motions for contempt or enforcement of the Consent Decree without first addressing the issue with prison officials." Id.

Notice of the new requirement was provided to class members after this Court's March 6, 2006 Opinion in Clarkson v. Coughlin, 91 Civ. 1792, 2006 WL 587345 (S.D.N.Y. Mar. 10, 2006). Myers does not dispute that he had notice of this requirement prior to filing the September 7, 2007 motion. Nor does Myers dispute that he failed to address his complaints that are the subject of the September 7, 2007 motion with the ombudsperson. Instead, Myers argues that Nancy Heywood, the Ombudsperson for the New York State Department of Correctional Services ("DOCS") for complaints through counsel, previously approved his request for a closed-caption television, and thus has already determined that he is a member of the Clarkson class. Whether or not this is so, Myers was still required to raise his complaints with the ombudsperson before addressing them to this Court, because the ombudsperson must determine not only whether a complainant is a member of the class, but also whether a violation occurred. Myers' motion is therefore denied for failure to first submit his complaint to the ombudsperson.

**The September 14, 2007 Motion**

The September 14, 2007 Motion seeks to compel responses to requests for admission, to "force" Defendant to return original documents and sanctions for failure to respond to discovery requests within 30 days.

Andzel admits that she did not respond to the requests until October 30, 2007, in the form of a letter from counsel indicating that he did not have the documents underlying the requests, asking plaintiff to identify them by bates range, and indicating that they may have been misplaced. As of March 3, 2008, counsel for Andzel had located the documents and committed to responding within a week.

The Defendant's failure to comply with the requests for admissions, or to request an extension of time to do so, remains unexplained. However, Myers has failed to allege any prejudice as a result of Defendant's delayed response, and the Court is aware of none. A showing that Myers has been prejudiced by the delay would be difficult in light of the fact that he has filed over 25 motions since initiating this case in November, 2006. The motion is therefore denied, except that Defendant is ordered to return any of Myers' original documents to the extent that she has not yet done so.

**The September 24, 2007 Motion**

The September 24, 2007 motion seeks an injunction ordering the Defendant and certain DOCS medical staff to certify Myers as disabled and provide "all the approved accommodations." Myers apparently feared that his current accommodations would be taken away after he underwent ABR testing.

Myers has failed to submit evidence demonstrating that he would suffer irreparable harm, establishing a likelihood of success on the merits, or showing any particular hardship necessitating immediate action by the Court. See Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005). Myers' motion is therefore denied.

It is also worthy of note that, although Myers does not specifically identify the accommodations he seeks, by a letter of February 8, 2008, Myers was provided with digital hearing aids, hearing aid batteries, shake awake alarm, preferred seating, and CCTV.

### The October 15, 2007 Motion

The October 15, 2007 motion seeks an order (1) that the Amended Complaint be treated as a motion for contempt for violation of the Clarkson Consent Decree, and (2) assigning counsel to Myers.

Andzel has no objection to Myers' Amended Complaint being treated as a motion for contempt, and this Court has previously held that such treatment is proper. See Figueroa v. Dean, 99 Civ. 12457 (RWS), 2002 WL 31426205, at *3-4 (S.D.N.Y. Oct. 30, 2002). The Amended Complaint will therefore be treated as a motion for contempt.

Andzel has not responded to Myers' request for appointment of counsel. It appears, however, that appointment of counsel would not only be beneficial to Myers, but would be likely to promote a more expeditious resolution of this case. The Pro Bono Office of this Court is therefore ordered to seek counsel for Plaintiff.

The Court notes that, in accordance with Pro Bono Office procedures, Myers' case will be placed on a list circulated to attorneys who are members of the Pro Bono Panel of this Court. However, as the panel relies on volunteers, and

6

there is no guarantee that a volunteer attorney will decide to take the case. If an attorney decides to take Myers' case, that attorney will contact Myers directly. If no attorney volunteers to take the case, Myers will continue to proceed pro se.

The October 15, 2007 motion is granted.

**The October 17, 2007 Motion**

The October 17, 2007 motion seeks an order compelling responses to discovery requests and imposing sanctions on Defendant for failure to respond to those requests. Myers appears to have brought his motion to compel before the expiration of Defendant's thirty-day period to respond. Defendant argues that she responded on October 30, 2007, objecting to the requests as concerning matters outside of the pleadings. However, Defendant's letter to Myers did not address his document requests individually, but simply stated that "your interrogatories and document requests concern matters beyond your pleadings and defendant objects to them on that basis." Def. Br., Ex. A. This response is insufficient. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

In any event, prior to filing a motion to compel, a party must have "in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to secure the information or material without court action . . . ." Fed. R. Civ. P. 37(a)(2)(B); see also Myers v. Andzel, 06 Civ. 14420 (RWS), 2007 WL 3256865 (S.D.N.Y. Oct. 15, 2007). Myers has not demonstrated that he conferred or attempted to confer with Defendant prior to bringing this motion.

Andzel is required to respond to Myers' document requests, but because the Myers did not first attempt to resolve the discovery dispute without the Court's intervention the motion is denied.

**The November 8, 2007 Motion**

The November 8, 2007 motion seeks an order compelling responses to discovery requests and imposing sanctions on Defendant for failure to respond to those requests. These discovery requests were the subject of a similar motion that Myers filed on July 18, 2007, which was denied by an Order of this Court on October 15, 2007, for failure to meet and confer with Defendant prior to filing his motion. See Myers v. Andzel, 06 Civ. 14420 (RWS), 2007 WL 3256865 (S.D.N.Y. Oct. 15, 2007).

Myers submits that he has written Andzel herself to inform her of his pending discovery requests. He also submits that he wrote to her counsel to inform him that a response to the requests was overdue, and received no reply. Andzel responds that it is inappropriate for Myers to contact Andzel directly with regard to this lawsuit, and that his letter to her does not address specific discovery requests and is therefore insufficient to satisfy the "meet and confer" requirements of the Federal Rules. However, Andzel has not disputed Myers' contention that he also wrote her counsel and received no reply.

> While [Fed. R. Civ. P. 37] mandates a face to face meeting or telephonic conference, the court has historically waived this requirement for inmates.
>
> The reason for the waiver is that inmates have no control over the[ir] location and a face to face meeting may require counsel to drive great distances. Further, generally speaking, inmates can only make collect calls. This puts the counsel in the position of being able to refuse to accept collect calls and then arguing there has been no meeting. On inmate cases, the court allows a good faith effort to confer b[e] made by letter.

Sutton v. State of Washington, No. C04-5642FDB, 2007 WL 3306758, at *1 (W.D. Wash. Nov. 5, 2007). Further, regardless of whether the letters to Andzel and her counsel addressed "specific discovery requests," they alerted counsel to a discovery dispute, and therefore met "the minimal requirements of apprising counsel that there is a discovery dispute and putting counsel on notice as to plaintiff's position." Id.

9

On the record before the Court, it appears that Myers has made a good faith effort to meet and confer with Andzel and her counsel, to no avail. Andzel is therefore ordered to certify that she has responded to each of Myers' July 18, 2007 discovery requests within 20 days of this Order.

**The November 19, 2007 Motion**

The November 19, 2007 motion seeks an order compelling Andzel to answer Myers' interrogatories dated October 4, 2007. Andzel represents that her counsel has discussed the interrogatories in question with Myers, and that answers, subject to objections, would be provided within a week of her response. Myers' reply papers do not raise any issue with Andzel's response, and as such the November 19, 2007 motion is moot.

**The December 20, 2007 Motion**

The December 20, 2007 motion seeks an order compelling responses to discovery requests sent to defense counsel on October 13, 2007. Myers sent a letter to defense counsel on November 25, 2007 informing him that discovery was overdue, to which he apparently received no response. Andzel has also failed

10

to respond to the December 20, 2007 motion. Myers' discovery requests, which were attached to the motion, are short and seek a discrete set of documents. The motion is therefore granted, and Anzel is ordered to certify that she has responded to each of Myers' October 13, 2007 discovery requests within 20 days of this Order.

**The January 24, 2008 Motion**

The January 24, 2008 motion asks the Court to hold Nancy Heywood, the Ombudsperson for the New York State Department of Correctional Services and a non-party to this action, in contempt for violating the Clarkson Consent Decree by (1) not providing Myers access to the TTY phones and (2) not providing access to a "pocket talker"[1] for Myers' upcoming parole hearing.

DOCS has committed to providing Myers with a pocket talker for any upcoming parole hearing. See Heywood Aff. ¶9. That aspect of Myers' motion is therefore moot.

Myers failed to comply with the requirement that he first submit his claim for resolution to the ombudsperson for a determination whether he is "a member of the class covered by the

---

1 A "pocket talker" is a portable amplifier that helps improve communication in close listening situations.

11

decree and whether a violation occurred" prior to filing his motion, as required by this Court's October 23, 2003 Order. The motion must therefore be dismissed.

**Conclusion**

The motions dated September 7 and 24, October 17, and November 19, 2007, are denied.

The motion dated September 14, 2007, is denied except to the extent that Andzel is ordered to return Myers' documents.

The October 15, 2007 motion is granted. Myers' Amended Complaint will be treated as a motion for contempt, and the Pro Bono Office of this Court is ordered to seek counsel for Myers.

The November 8 and December 20, 2007 motions are granted, and Anzel is ordered to certify to the Court that she has responded to each of Myers' July 18 and October 13, 2007 discovery requests within 20 days of this Order.

The January 24, 2008 motion is denied.

Myers has filed three additional motions (docket nos. 101, 105 and 110) to which Andzel has yet to respond. Andzel is

directed to respond to those motions within thirty days of this Order.

It is so ordered.

New York, NY
September 17, 2008

ROBERT W. SWEET
U.S.D.J.